IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPORTRADAR US LLC, SPORTRADAR SOLUTIONS LLC, and SPORTRADAR AG,<br><br>Plaintiffs,<br><br>v.<br><br>SPORTSCASTR, INC. d/b/a PANDA INTERACTIVE,<br><br>Defendant. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Sportradar US LLC ("Sportradar US"), Sportradar Solutions LLC ("Sportradar Solutions"), and Sportradar AG ("Sportradar AG"), (collectively, "Plaintiffs") hereby file their Complaint for Declaratory Judgment against Sportscastr, Inc., d/b/a/ PANDA Interactive ("Defendant" or "PANDA") seeking a declaration that the Plaintiffs do not directly or indirectly infringe any claims of United States Patent Nos. 10,805,687 (the "'687 Patent"), 11,039,218 (the "'218 Patent"), and 10,425,697 (the "'697 Patent") (collectively, the "Asserted Patents") (copies of which are attached hereto as Exhibits A, B, and C, respectively) and state as follows:

**Nature of the Case**

1.  This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and 28 U.S.C. § 1338(a). Plaintiffs are seeking a declaratory judgment as Defendant PANDA has made specific allegations that certain products, including the Sportradar® branded products emBET, OTT, and Live Channel Trading ("LCT") (collectively, "the Accused Products"), allegedly infringe upon certain claims of the Asserted Patents. Plaintiff Sportradar AG

1

develops, designs, and manufactures the Accused Products. Plaintiff Sportradar US markets, offers for sale, sells, and/or licenses, the accused OTT and emBET products. Plaintiff Sportradar Solutions markets, offers for sale, sells, and/or licenses the accused LCT product.

2. Plaintiffs have not infringed, and are not infringing, upon any of the claims of any of the Asserted Patents.

## The Parties

3. Plaintiff Sportradar US LLC is a Delaware limited liability company.

4. Plaintiff Sportradar Solutions LLC is a Delaware limited liability company.

5. Plaintiff Sportradar AG is a Swiss company with its headquarters in St. Gallen, Switzerland.

6. Non-party Sportradar Group AG is a Swiss company with its headquarters in St. Gallen, Switzerland.

7. Defendant Sportscastr, Inc., d/b/a/ PANDA Interactive is a Delaware corporation, is registered to do business in Delaware, and has a registered agent located at 251 Little Falls Drive, Wilmington, DE 19808.

## General Background

8. Plaintiffs are each involved in the business of global sports information, data, and technology. They are leaders in the provision of sports data, content, engagement tools, live streaming, and gaming products. Some of the products offered under the Sportradar® brand include emBET, OTT, and Live Channel Trading, each of which Defendant PANDA accuses of infringement under the Asserted Patents.

## Acts Giving Rise to the Complaint

9. On October 5, 2023, PANDA filed a Complaint alleging Patent Infringement against Sportradar Group AG, a holding company, in the U.S. District Court for the Eastern District

of Texas (Case No. 2:23-cv-00472-JRG) (the "PANDA Complaint").  The PANDA Complaint alleges that several Sportradar® branded products, namely, Sportradar emBET, Sportradar OTT, and Sportradar Live Channel Trading (LCT), infringe certain claims of the Asserted Patents, namely, Claims 19 and 20 of the '687 Patent, Claims 1 and 4 of the '218 Patent, and Claims 19 and 20 of the '697 Patent.

10. Sportradar Group AG is a holding company and does not directly or indirectly make, import, develop, design, manufacture, distribute, market, offer for sale, and/or sell any of the Accused Products.

11. The lawsuit that PANDA filed against Sportradar Group AG is in its very earliest stage, no responsive pleading has yet been filed, and Sportradar Group AG intends to file a motion to dismiss the action for lack of personal jurisdiction or, in the alternative, to transfer that lawsuit to this jurisdiction.

12. Plaintiff Sportradar AG participates in the development, design, and manufacture of the Accused Products.

13. Plaintiffs Sportradar US and Sportradar Solutions are each business entities that distribute, market, offer for sale, sell, and/or license the Accused Products within the U.S.

14. By its actions, including, but not limited to, filing the PANDA Complaint, PANDA has created an immediate, substantial, and justiciable case of actual controversy between itself and each of Plaintiffs Sportradar US, Sportradar Solutions, and Sportradar AG concerning whether Plaintiffs have infringed upon and/or are infringing upon any of the asserted claims of the Asserted Patents.  PANDA's affirmative conduct of filing a lawsuit against Sportradar Group AG and alleging that Plaintiffs' Accused Products, which are made, used, offered for sale, licensed, and/or sold by Plaintiffs in this action (and not Sportradar Group AG), directly infringe the Asserted

Patents plainly demonstrates an immediate, actual, substantial, and justiciable controversy, including, but not limited to, PANDA's intent to enforce the Asserted Patents against entities that make, use, offer for sale, and/or sell the Accused Products. Defendant PANDA's affirmative conduct of filing a lawsuit against Plaintiffs' ultimate parent company, Sportradar Group AG, that does not make, use, offer for sale, and/or sell the Accused Products, and alleging infringement of the same Accused Products at issue here, overwhelmingly establishes a real and immediate threat and that a controversy exists between the parties. *See, e.g.*, *Positec USA, Inc. v. Milwaukee Elec. Tool Corp.*, C.A. No. 05-890 GMS, 2006 WL 2726728, at *4–5 (D. Del. Sept. 25, 2006) (finding charge of patent infringement against foreign parent or sister company sufficient to support a declaratory judgment action by sole importer of accused product(s)). The facts contained in this Complaint, under all the circumstances, establish that there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to establish a case or controversy under the Declaratory Judgment Act.

15. Plaintiffs have not infringed upon any claims of the Asserted Patents.

**Jurisdiction and Venue**

16. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and 28 U.S.C. § 1338(a).

17. This Court has subject matter jurisdiction over this action pursuant to, at least, 28 U.S.C. §§ 1331, 1332, 1338(a), and 2201(a).

18. Upon information and belief, this Court has personal jurisdiction over Defendant PANDA because PANDA is incorporated in Delaware and has purposefully and intentionally submitted itself to the general jurisdiction of this Court.

19. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b) as Defendant PANDA "resides" in this district due to its incorporation here.

**Claim for Relief**

**Count I: Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,805,687**

20. Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation set forth in the foregoing paragraphs of this Complaint as if fully set forth and restated herein.

21. The asserted claims of the '687 Patent are so restricted in scope that Plaintiffs have not infringed, and do not infringe, upon any such claims.

22. Claim 19 of the '687 Patent recites:

> 19. A system for providing a first plurality of copies of a first live stream of digital content relating to a first live sporting event to a first plurality of viewer client devices, and for providing a second plurality of copies of a second live stream of digital content relating to a second live sporting event to a second plurality of viewer client devices, the system comprising:
>
> A) a plurality of media sources to:
>
> receive the first live stream of digital content and the second live stream of digital content;
>
> provide a first copy of the first plurality of copies to a first viewer client device of the first plurality of viewer client devices via a first Internet communication channel between the plurality of media sources and the first viewer client device of the first plurality of viewer client devices; and
>
> provide a first copy of the second plurality of copies to a first viewer client device of the second plurality of viewer client devices via a second Internet communication channel between the plurality of media sources and the first viewer client device of the second plurality of viewer client devices;
>
> B) a control server to periodically retrieve, via the Internet, first event information germane to the first live sporting event and second event information germane to the second live sporting event; and
>
> C) at least one socket server communicatively coupled to the control server to:
>
> receive from the control server at least some of the first event information and at least some of the second event information; and

>> transmit the at least some of the first event information to the first viewer client device of the first plurality of viewer client devices via a third Internet communication channel between at least one first event socket of the at least one socket server and the first viewer client device of the first plurality of viewer devices; and
>
>> transmit the at least some of the second event information to the first viewer client device of the second plurality of viewer client devices via a fourth Internet communication channel between at least one second event socket of the at least one socket server and the first viewer client device of the second plurality of viewer devices.

23. Claim 20 of the '687 Patent recites:

> 20. The system of claim 19, wherein:
>
>> in A), the plurality of media sources:
>>
>>> provide a second copy of the first plurality of copies to a second viewer client device of the first plurality of viewer client devices via a third video Internet communication channel between the plurality of media sources and the second viewer client device of the first plurality of viewer client devices; and
>>>
>>> provide a second copy of the second plurality of copies to a second viewer client device of the second plurality of viewer client devices via a fourth video Internet communication channel between the plurality of media sources and the second viewer client device of the second plurality of viewer client devices; and
>>
>> in C), the at least one socket server:
>>
>>> transmits at least the first event information to the second viewer client device of the first plurality of viewer client devices via a third event information Internet communication channel between the at least one first event socket of the at least one socket server and the second viewer client device of the first plurality of viewer devices; and
>>>
>>> transmits at least the second event information to the second viewer client device of the second plurality of viewer client devices via a fourth event information Internet communication channel between the at least one second event socket of the at least one socket server and the second viewer client device of the second plurality of viewer devices.

24. Upon information and belief, Plaintiffs do not directly or indirectly infringe any of the asserted claims of the '687 Patent, either literally or under the doctrine of equivalents, because, among other reasons, the emBET, OTT, and Live Channel Trading products do not: (1) employ, incorporate, or otherwise make use of "a plurality of media sources" as required by Claim 19 of the '687 Patent; (2) employ, incorporate, or otherwise make use of "a control server" as required by Claim 19 of the '687 Patent; (3) employ, incorporate, or otherwise make use of a "socket server communicatively coupled to the control server" as required by Claim 19 of the '687 Patent; (4) employ, incorporate, or otherwise use a socket server to "transmit … event information" to a "viewer client device" using a "first event socket" as required by Claim 19 of the '687 Patent; and/or (5) employ, incorporate, or otherwise use a socket server to "transmit … event information" to a second "viewer client device" using the "first event socket" as required by Claim 19 of the '687 Patent.

25. Based on PANDA's filing of the PANDA Complaint against Sportradar Group AG, a substantial, immediate, and real controversy has arisen and now exists between the parties as to whether Plaintiffs allegedly infringe the asserted claims of the '687 Patent by making, using, selling, and/or offering for sale the emBET, OTT, and Live Channel Trading products. A judicial declaration is necessary to determine the parties' respective rights regarding the alleged infringement of the asserted claims of the '687 Patent.

26. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Plaintiffs request a declaration from the Court that each of the Plaintiffs do not infringe and have not infringed, either literally or under the doctrine of equivalents, one or more claims of the '687 Patent by making, using, selling, and/or offering for sale the emBET, OTT, and Live Channel Trading products, either directly or indirectly under 35 U.S.C. § 271.

**Count II: Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,039,218**

27. Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation set forth in the foregoing paragraphs of this Complaint as if fully set forth and restated herein.

28. The asserted claims of the '218 Patent are so restricted in scope that Plaintiffs have not infringed, and do not infringe, upon any such claims.

29. Claim 1 of the '218 Patent recites:

> 1. A system for controlling a plurality of viewer client devices to receive first digital content relating to a first sporting event and first event information germane to the first sporting event, the first event information including online gaming information, the system comprising:
>
>> A) a control server to periodically retrieve, via the Internet, the first event information germane to the first sporting event;
>>
>> B) at least one socket server communicatively coupled to the control server to:
>>> receive from the control server at least the first event information; and
>>>
>>> transmit at least some of the first event information, including the online gaming information, to at least a first viewer client device of the plurality of viewer client devices via a first event information Internet communication channel between a first event socket of the at least one socket server and the first viewer client device, wherein the first event socket corresponds to the first event information germane to the first sporting event; and
>>
>> C) at least one webserver communicatively coupled to the at least one socket server to transmit, to the first viewer client device:
>>> a first Internet address of a first media source to establish a first video Internet communication channel between the first media source and the first viewer client device to carry the first digital content relating to the first sporting event; and
>>>
>>> a first socket address of the first event socket to establish the first event information Internet communication channel to carry the online gaming information.

30. Claim 4 of the '218 Patent recites:

  4. The system of claim 1, wherein:

    in C), the at least one webserver transmits, to a second viewer client device of the plurality of viewer client devices, the first socket address of the first event socket to establish a second event information Internet communication channel between the first event socket and the second viewer client device; and

    in B), the at least one socket server transmits at least some of the first event information, including the online gaming information germane to the first sporting event, to the second viewer client device via the second event information Internet communication channel, such that the online gaming information is shared in a synchronized manner by the first viewer client device and the second viewer client device.

  31. Upon information and belief, Plaintiffs do not directly or indirectly infringe any of the asserted claims of the '218 Patent, either literally or under the doctrine of equivalents, because, among other reasons, the emBET, OTT, and Live Channel Trading products do not: (1) employ, incorporate, or otherwise make use of "a control server" as required by Claim 1 of the '218 Patent; (2) employ, incorporate, or otherwise make use of a "socket server communicatively coupled to the control server" as required by Claim 1 of the '218 Patent; (3) employ, incorporate, or otherwise use a socket server to "transmit … event information" to a "viewer client device" using a "first event socket" as required by Claim 1 of the '218 Patent; (4) employ, incorporate, or otherwise use a "webserver communicatively coupled to the at least one socket server" as required by Claim 1 of the '218 Patent; (5) employ, incorporate, or otherwise use a webserver to communicate a "first socket address" to carry "online gaming information" as required by Claim 1 of the '218 Patent; (6) employ, incorporate, or otherwise use a webserver to communicate a "first socket address" to carry "online gaming information" to a second "viewer client device" as required by Claim 4 of the '218 Patent; and/or (7) employ, incorporate, or otherwise use a socket server to "transmit … event information" to a second "viewer client device" "in a synchronized manner" as required by Claim 4 of the '218 Patent.

32. Based on PANDA's filing of the PANDA Complaint against Sportradar Group AG, a substantial, immediate, and real controversy has arisen and now exists between the parties as to whether Plaintiffs allegedly infringe the asserted claims of the '218 Patent by making, using, selling, and/or offering for sale the emBET, OTT, and Live Channel Trading products. A judicial declaration is necessary to determine the parties' respective rights regarding the alleged infringement of the asserted claims of the '218 Patent.

33. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Plaintiffs request a declaration from the Court that each of the Plaintiffs do not infringe and have not infringed, either literally or under the doctrine of equivalents, one or more claims of the '218 Patent by making, using, selling, and/or offering for sale the emBET, OTT, and Live Channel Trading products, either directly or indirectly under 35 U.S.C. § 271.

**Count III: Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,425,697**

34. Plaintiffs repeat, re-allege, and incorporate by reference each and every allegation set forth in the foregoing paragraphs of this Complaint as if fully set forth and restated herein.

35. The asserted claims of the '697 Patent are so restricted in scope that Plaintiffs have not infringed, and do not infringe, upon any such claims.

36. Claim 19 of the '697 Patent recites:

> 19. A system for providing a first plurality of copies of a first broadcaster's live stream of digital content including first video-based commentary about a first live sporting event from a first broadcaster client device to a first plurality of viewer client devices, and for providing a second plurality of copies of a second broadcaster's live stream of digital content including second video-based commentary about a second live sporting event from a second broadcaster client device to a second plurality of viewer client devices, the system comprising:
>
>     A) a plurality of media sources to:
>
>         receive the first broadcaster's live stream of digital content and the second broadcaster's live stream of digital content;

> provide a first copy of the first plurality of copies to a first viewer client device of the first plurality of viewer client devices via a first Internet communication channel between the plurality of media sources and the first viewer client device of the first plurality of viewer client devices; and
>
> provide a first copy of the second plurality of copies to a first viewer client device of the second plurality of viewer client devices via a second Internet communication channel between the plurality of media sources and the first viewer client device of the second plurality of viewer client devices;
>
> B) a control server to periodically retrieve, via the Internet and from an event information provider, first event information germane to the first live sporting event and second event information germane to the second live sporting event; and
>
> C) at least one socket server communicatively coupled to the control server to:
>
>> receive from the control server at least some of the first event information and at least some of the second event information, wherein:
>>
>>> the at least some of the first event information includes first score information for the first sporting event; and
>>>
>>> the at least some of the second event information includes second score information for the second sporting event; and
>>
>> transmit at least the first score information the at least some of the first event information to the first viewer client device of the first plurality of viewer client devices via a third Internet communication channel between at least one first event socket of the at least one socket server and the first viewer client device of the first plurality of viewer devices; and
>>
>> transmit at least the second score information of the at least some of the second event information to the first viewer client device of the second plurality of viewer client devices via a fourth Internet communication channel between at least one second event socket of the at least one socket server and the first viewer client device of the second plurality of viewer devices.

37.    Claim 20 of the '697 Patent recites:

11

20. The system of claim 19, wherein:

    in A), the plurality of media sources:

        provide a second copy of the first plurality of copies to a second viewer client device of the first plurality of viewer client devices via a third video Internet communication channel between the plurality of media sources and the second viewer client device of the first plurality of viewer client devices; and

        provide a second copy of the second plurality of copies to a second viewer client device of the second plurality of viewer client devices via a fourth video Internet communication channel between the plurality of media sources and the second viewer client device of the second plurality of viewer client devices; and

    in C), the at least one socket server:

        transmits at least the first score information of the first event information to the second viewer client device of the first plurality of viewer client devices via a third event information Internet communication channel between the at least one first event socket of the at least one socket server and the second viewer client device of the first plurality of viewer devices; and

        transmits at least the second score information of the second event information to the second viewer client device of the second plurality of viewer client devices via a fourth event information Internet communication channel between the at least one second event socket of the at least one socket server and the second viewer client device of the second plurality of viewer devices.

38. Upon information and belief, Plaintiffs do not directly or indirectly infringe any of the asserted claims of the '697 Patent, either literally or under the doctrine of equivalents, because, among other reasons, the emBET, OTT, and Live Channel Trading products: (1) are not employed or otherwise used to provide "video-based commentary" about "live sporting event[s]" as required by Claim 19 of the '697 Patent; (2) do not employ, incorporate, or otherwise make use of "a plurality of media sources" as required by Claim 19 of the '697 Patent; (3) do not employ, incorporate, or otherwise make use of "a control server" as required by Claim 19 of the '697 Patent;

(4) do not employ, incorporate, or otherwise make use of a "socket server communicatively coupled to the control server" as required by Claim 19 of the '697 Patent; (5) do not employ, incorporate, or otherwise use a socket server to "transmit … event information" to a "viewer client device" using a "first event socket" as required by Claim 19 of the '697 Patent; and/or (6) do not employ, incorporate, or otherwise use a socket server to "transmit … event information" to a second "viewer client device" using the "first event socket" as required by Claim 19 of the '697 Patent.

39. Based on PANDA's filing of the PANDA Complaint against Sportradar Group AG, a substantial, immediate, and real controversy has arisen and now exists between the parties as to whether Plaintiffs allegedly infringe the asserted claims of the '697 Patent by making, using, selling, and/or offering for sale the emBET, OTT, and Live Channel Trading products. A judicial declaration is necessary to determine the parties' respective rights regarding the alleged infringement of the asserted claims of the '697 Patent.

40. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Plaintiffs request a declaration from the Court that each of the Plaintiffs do not infringe and have not infringed, either literally or under the doctrine of equivalents, one or more claims of the '697 Patent by making, using, selling, and/or offering for sale the emBET, OTT, and Live Channel Trading products, either directly or indirectly under 35 U.S.C. § 271.

## **Jury Demand**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and D. Del. LR 38.1, Plaintiffs demand a jury trial on all issues and claims so triable.

**Prayer for Relief**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in its favor and award the following relief against Defendant Sportscastr, Inc.:

A. Declare that Plaintiffs have not and do not directly or indirectly infringe any of the claims of U.S. Patent Nos. 10,805,687, 11,039,218, and 10,425,697, either literally or under the doctrine of equivalents, and that they are not liable for damages or injunctive relief based on any of the claims of U.S. Patent Nos. 10,805,687, 11,039,218, and 10,425,697;

B. Permanently enjoin Defendant PANDA and its officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that any of the Plaintiffs and/or any of their respective officers, directors, agents, servants, employees, subsidiaries or customers, infringe any of the claims of U.S. Patent Nos. 10,805,687, 11,039,218, and 10,425,697;

C. Find that this case is exceptional pursuant to 35 U.S.C. § 285 and award Plaintiffs their reasonable attorneys' fees, expenses and costs incurred in connection with this action (including an award of prejudgment and post-judgment interest);

D. Award Plaintiffs their costs, expenses, and reasonable attorneys' fees under all other applicable rules, statutes, and rules in common law that would be appropriate, with pre-judgment and post-judgment interest thereon; and

E. Award to Plaintiffs such other and further relief as the Court may deem just and proper under the circumstances.

|  |  |
|---|---|
| Of Counsel: | YOUNG CONAWAY<br>STARGATT & TAYLOR, LLP |
| David A. Roodman<br>George G. Brell<br>BRYAN CAVE LEIGHTON<br>PAISNER LLP<br>One Metropolitan Square<br>211 N. Broadway, Suite 3600<br>St. Louis, Missouri 63102<br>(314) 259-2000<br>daroodman@bclplaw.com<br>george.brell@bclplaw.com | /s/ Anne Shea Gaza<br>Anne Shea Gaza (No. 4093)<br>Robert M. Vrana (No. 5666)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>(302) 571-6600<br>agaza@ycst.com<br>rvrana@ycst.com |
| Date: February 8, 2024 | *Attorneys for Plaintiffs Sportradar US LLC, Sportradar Solutions LLC, and Sportradar AG* |